

Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

May 22, 2018

MICHAEL A JAMES
TWO LIBERTY PLACE
1601 CHESTNUT STREET
PHILADELPHIA, PA 19192

FROM: SUMMONS DIVISION
SECRETARY OF STATE

RE: CASE NO: 18-CI-90090

COURT: Circuit Court Clerk
Bath County
PO Box 558
Owingsville, KY 40360
Phone: (606) 674-2186

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

(1) Your attorney, or
(2) The attorney filing this suit whose name should appear on the last page of the complaint, or
(3) The court or administrative agency in which the suit is filed at the clerk's number printed above.

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

| AOC-E-105   Sum Code: CI | | Case #: 18-CI-90090 |
|---|---|---|
| Rev. 9-14 |  | Court: CIRCUIT |
| Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov | | County: BATH |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

Plantiff, SHROUT, EUGENE B JR VS. LIFE INSURANCE COMPANY OF NORTH AMER, Defendant

TO: MICHAEL A JAMES
TWO LIBERTY PLACE
1601 CHESTNUT STREET
PHILADELPHIA, PA 19192

Memo: Related party is LIFE INSURANCE COMPANY OF NORTH AMERICA

The Commonwealth of Kentucky to Defendant:
LIFE INSURANCE COMPANY OF NORTH AMERICA

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Claudette Faudere, Bath Circuit Clerk
Date: 05/17/2018

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

Served By _____

Title _____


Summons ID: 10139837484415@00000024695
CIRCUIT: 18-CI-90090 Long Arm Statute – Secretary of State
SHROUT, EUGENE B JR VS. LIFE INSURANCE COMPANY OF NORTH AMER

Page 1 of 1


eFiled

| Filed | 18-CI-90090 | 05/17/2018 | Claudette Faudere, Bath Circuit Clerk |
|---|---|---|---|
| A true copy attest | 18-CI-90090 | 05/17/2018 | /s/Claudette Faudere, Bath Circuit Clerk |

COMMONWEALTH OF KENTUCKY
BATH CIRCUIT COURT
CIVIL DIVISION II
CASE NO. 18-CI-90090
*Electronically Filed*

EUGENE B. SHROUT JR.                      PLAINTIFF

vs.      **COMPLAINT AND JURY DEMAND**

LIFE INSURANCE COMPANY OF NORTH AMERICA     DEFENDANT
d/b/a CIGNA GROUP INSURANCE

    **To be served through Kentucky Secretary of State:**

    Michael A. James
    Two Liberty Place
    1601 Chestnut Street
    Philadelphia, PA 19192-2211

                 ** ** ** ** ** ** ** ** ** **

1. The Plaintiff, Eugene B. Shrout Jr., is a citizen and resident of Bath County, Kentucky.

2. Life Insurance Company of North America ("LINA" or "Defendant") is an insurance company believed to be domiciled in the state of Pennsylvania. LINA, in its dealings with Plaintiff, has represented that it does business as Cigna Group Insurance. LINA's service of process agent is Michael A. James, Two Liberty Place, 1601 Chestnut Street, Philadelphia, PA 19192-2211 and can be served through the Kentucky Secretary of State.

3. The Plaintiff had been employed at Masco Corporation ("Masco") since August 2005, working most recently as a Truck Loader.

4. The Defendant supplied and issued a policy of insurance to Masco, where the Plaintiff obtained coverage for long-term disability ("LTD") insurance. The applicable

| Filed | 18-CI-90090 | 05/17/2018 | Claudette Faudere, Bath Circuit Clerk |
|---|---|---|---|
| A true copy attest | 18-CI-90090 | 05/17/2018 | /s/Claudette Faudere, Bath Circuit Clerk |

Filed             18-CI-90090     05/17/2018     Claudette Faudere, Bath Circuit Clerk
A true copy attest  18-CI-90090   05/17/2018     /s/Claudette Faudere, Bath Circuit Clerk

insurance policy number is believed to be LK0980204. The insurance company's incident number is 3108536.

5. Jurisdiction and venue are proper in this court because the Defendant supplied and issued insurance policies in Bath County to cover employees of Masco.

6. The LTD insurance policy provides for monthly disability benefit payments, based on a percentage of Plaintiff's pre-disability earnings.

7. The LTD policy defines disability and entitles Plaintiff to receive benefits, if Plaintiff meets the following definition:

> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
> 2. unable to earn 80% or more of his or her Indexed Earnings.
>
> The Insurance Company will require proof of earnings and continued Disability.

8. Benefits are payable to Plaintiff under the LTD insurance policy because he is disabled, as defined in the insurance policy, from performing his past occupation at Masco and any other gainful occupation.

9. The Plaintiff, while working at Masco, became disabled as defined in his insurance policy on or about October 4, 2013, and remains disabled.

10. The Plaintiff was and has been unable to perform the material duties of his own occupation, and any other gainful occupation, since on or about October 4, 2013, as a result of injury or sickness.

2

Filed             18-CI-90090     05/17/2018     Claudette Faudere, Bath Circuit Clerk
A true copy attest  18-CI-90090   05/17/2018     /s/Claudette Faudere, Bath Circuit Clerk

Filed            18-CI-90090    05/17/2018    Claudette Faudere, Bath Circuit Clerk
A true copy attest  18-CI-90090    05/17/2018    /s/Claudette Faudere, Bath Circuit Clerk

11. The Plaintiff applied for long-term disability benefits with the Defendant in a timely fashion, in the manner outlined in the insurance policy.

12. Plaintiff provided proof that he was disabled from work, and that he was unable to perform his own occupation and any other occupation.

13. On March 26, 2014, after Plaintiff received short-term disability benefits, Defendant approved Plaintiff's claim for LTD benefits beginning April 2, 2014.

14. On August 6, 2014, Defendant denied Plaintiff's LTD claim.

15. On August 12, 2014, Plaintiff's physician submitted a letter to Defendant.

16. On August 14, 2014, Defendant stated the information did "not change [its] prior decision" to deny benefits on August 6, 2014.

17. On or about August 20, 2014, Plaintiff's physician submitted additional medical notes to Defendant.

18. On or about August 21, 2014, Defendant stated that the "information was reviewed and" it did "not change [Defendant's] prior decision."

19. On or about September 15, 2014, Plaintiff's physician submitted additional documentation to Defendant.

20. On September 17, 2014, Defendant stated that the "information was reviewed and" it did "not change [Defendant's] prior decision" to deny benefits.

21. On or about September 19, 2014, Plaintiff appealed Defendant's decision to deny his claim.

22. On or about September 30, 2014, Defendant overturned the previous August 6, 2014 denial of Plaintiff's claim and reinstated Plaintiff's LTD benefits.

3

Filed            18-CI-90090    05/17/2018    Claudette Faudere, Bath Circuit Clerk
A true copy attest  18-CI-90090    05/17/2018    /s/Claudette Faudere, Bath Circuit Clerk

Filed              18-CI-90090    05/17/2018    Claudette Faudere, Bath Circuit Clerk
A true copy attest 18-CI-90090    05/17/2018    /s/Claudette Faudere, Bath Circuit Clerk

23. By letter dated October 15, 2014, Defendant paid Plaintiff for benefits for the time period of the previous denial (August 7, 2014 through October 1, 2014).

24. By letter dated July 15, 2015, Defendant terminated Plaintiff's LTD claim beyond July 15, 2015.

25. On or about August 11, 2015, Plaintiff submitted a timely appeal to the Defendant requesting that the Defendant reconsider its denial of benefits.

26. On or about September 2, 2015, Defendant upheld the prior denial of Plaintiff's claim.

27. Plaintiff submitted a timely appeal of the September 2, 2015 denial.

28. On September 16, 2015, Dr. Randal Wojciehoski, a file reviewer for Cigna, stated that "[t]he medical records are consistent with complete and total limitations as articulated" in Plaintiff's medical records.

29. By letter dated September 21, 2015, Defendant reinstated Plaintiff's LTD benefits, reversing its prior decision to terminate Plaintiff's claim. Plaintiff was sent payment for the time period of Defendant's denial (July 16, 2015 through October 1, 2015).

30. In October 2015, Defendant approved Plaintiff's claim beyond the "any occupation" investigation period.

31. By letter dated March 17, 2017, Defendant again denied Plaintiff's claim for LTD benefits, terminating Plaintiff's benefits beyond March 17, 2017.

32. On or about April 12, 2017, Plaintiff submitted a timely appeal to the Defendant, requesting that the Defendant reconsider its denial of benefits.

33. By letter dated May 8, 2017, Defendant again denied Plaintiff's LTD claim.

34. Following the May 8, 2017 denial, Plaintiff submitted a timely appeal to Defendant.

4

Filed              18-CI-90090    05/17/2018    Claudette Faudere, Bath Circuit Clerk
A true copy attest 18-CI-90090    05/17/2018    /s/Claudette Faudere, Bath Circuit Clerk

Presiding Judge: HON. BETH LEWIS MAZE (621184)

Package: 000006 of 000009

| Filed | 18-CI-90090 | 05/17/2018 | Claudette Faudere, Bath Circuit Clerk |
| A true copy attest | 18-CI-90090 | 05/17/2018 | /s/Claudette Faudere, Bath Circuit Clerk |

35. On July 19, 2017, Defendant upheld the denial of Plaintiff's claim beyond March 17, 2017.

36. The appeal contained additional medical information, including an independent medical evaluation report performed by Dr. Robert Linton on January 18, 2018, as well as reiteration of the opinions of Plaintiff's treating physician indicating Plaintiff continued to meet the definition of disability.

37. On March 7, 2018, Defendant sent a final letter denying Plaintiff's appeal and upholding its termination of benefits.

38. The March 7, 2018, letter stated that Plaintiff has "the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a)[.]"

39. The Plaintiff has exhausted any administrative remedies that may be required under the insurance contract and/or by law.

40. Under the terms of the insurance policy, Plaintiff is entitled to continued monthly LTD benefits until the maximum benefit duration date in the policy.

41. The Defendant has an inherent conflict of interest in making benefits determinations, as it both is responsible for paying benefits and deciding who qualifies for benefits.

42. Plaintiff is entitled to payment of LTD benefits, as Plaintiff meets the definition of "disabled" under the terms of the LTD policy.

43. Defendant has wrongfully withheld, and is responsible for, payment of LTD benefits to those entitled to benefits under the LTD policy, including Plaintiff.

44. The Plaintiff is entitled to LTD benefits, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

5

| Filed | 18-CI-90090 | 05/17/2018 | Claudette Faudere, Bath Circuit Clerk |
| A true copy attest | 18-CI-90090 | 05/17/2018 | /s/Claudette Faudere, Bath Circuit Clerk |

Filed                18-CI-90090   05/17/2018   Claudette Faudere, Bath Circuit Clerk
A true copy attest   18-CI-90090   05/17/2018   /s/Claudette Faudere, Bath Circuit Clerk

45. The denial of Plaintiff's claim for LTD benefits is a breach of contract, and Defendant's breach of its contractual duties and obligations has caused Plaintiff damages.

46. The decision of Defendant to deny contractual benefits under the LTD policy is erroneous, a breach of fiduciary duties, negligent, an abuse of discretion, arbitrary and capricious, and contrary to the overwhelming evidence supplied to Defendant in the medical records and other information supplied by Plaintiff and on Plaintiff's behalf.

47. The aforesaid conduct of Defendant in discontinuing contractual benefits constitutes bad faith in that Defendant lacks a reasonable basis to deny benefits and knows or has acted recklessly as to whether such a basis for denial exists.

48. The actions of Defendant violate KRS § 304.12-230, the Unfair Claims Settlement Practices Act, and entitle Plaintiff to recover attorney's fees and interest under KRS § 304.12-235.

49. The above actions by Defendant have directly and proximately caused emotional and mental pain and suffering, anxiety, inconvenience, and financial problems, which would not have occurred, but for the wrongful conduct of Defendant.

50. The LTD policy and coverage does not meet the qualifications of a plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq.

51. In the alternative to allegation number 50 above, if the policy at issue does meet the qualifications for ERISA, then the decision made by the Defendant was arbitrary and capricious, against the overwhelming evidence provided to the Defendant, and a breach of fiduciary duty, which entitles the Plaintiff to contractual benefits, interest, and attorney's fees.

52. Defendant should be enjoined from stopping payments under the contract.

6

Filed                18-CI-90090   05/17/2018   Claudette Faudere, Bath Circuit Clerk
A true copy attest   18-CI-90090   05/17/2018   /s/Claudette Faudere, Bath Circuit Clerk

Filed                18-CI-90090    05/17/2018    Claudette Faudere, Bath Circuit Clerk
A true copy attest   18-CI-90090    05/17/2018    /s/Claudette Faudere, Bath Circuit Clerk

53. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff, Eugene B. Shrout Jr., demands the following relief:

1. Judgment against Defendant for full contractual benefits, attorney's fees, pre-judgment and post-judgment interest; and

2. Trial by jury; and

3. Any and all other relief to which Plaintiff appears entitled.

Respectfully submitted,

/s/ Elizabeth A. Thornsbury
ELIZABETH A. THORNSBURY
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
Email: elizabeth@austinmehr.com
*Attorney for Plaintiff*

7

Filed                18-CI-90090    05/17/2018    Claudette Faudere, Bath Circuit Clerk
A true copy attest   18-CI-90090    05/17/2018    /s/Claudette Faudere, Bath Circuit Clerk

**Kentucky** UNBRIDLED SPIRIT

ALISON LUNDERGAN GRIMES
SECRETARY OF STATE
P.O. Box 718
Frankfort, Kentucky 40602-0718

*REGISTER TO VOTE*

7018 0360 0000 2954 2182

MICHAEL A JAMES
TWO LIBERTY PLACE
1601 CHESTNUT STREET
PHILADELPHIA, PA 19192