UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| EUGENE B. SHROUT, JR., **Plaintiff**, V. LIFE INSURANCE COMPANY OF NORTH AMERICA, **Defendant.** | CIVIL ACTION NO. 5:18-416-KKC <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the parties' motions to establish the standard of review. Plaintiff Shrout seeks the Court to apply the *de novo* standard of review, while Defendant Life insists that the proper standard of review is arbitrary and capricious. (DE 15; DE 16). For the reasons set forth below, the Court grants Life's motion seeking the application of the arbitrary and capricious standard of review, denies Shrout's motion seeking the application of the *de novo* standard of review, and finds that the applicable standard of review in this case is arbitrary and capricious.

## I. INTRODUCTION

This dispute arises over disability insurance policies held by Shrout that were paid and administrated by Life. (DE 1-1 at 3–9; *id.* at 7 ☐ 41). On May 17, 2018, Shrout filed a complaint with the Bath County Circuit Court, which was removed to this Court on June 20, 2018, alleging that Life breached its disability insurance contracts with Shrout by wrongfully denying his claim. (*See generally* DE 1; DE 1-1). The Complaint specifically alleges that Shrout was denied a full and fair review due, in part, to Life's operating under an inherent conflict of interest as both the evaluator and payor of the plan. (DE 1-1 at 7 ☐ 41). The Court has jurisdiction over this action pursuant to the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1132, which provides a mechanism for enforcing insurance policies.

## II. ANALYSIS

Courts reviewing benefit determinations under ERISA apply a *de novo* standard unless the plan provides "the administrator or fiduciary discretionary authority to determine eligibility for benefits," in which case a "deferential standard of review [is] appropriate." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Univ. Hosp. of Cleveland v. Emerson Elec.*, 202 F.3d. 839, 845 (6th Cir. 2000). Shrout argues for *de novo* review of Life's decision, arguing that the plan does not contain a clear grant of discretion, and that the law holding otherwise is ill-founded. (DE 16; DE 16-1). Life argues for the more deferential arbitrary and capricious standard due to the Plain's delegation of discretionary authority and the holdings of well-settled precedent. (DE 15). While magic words are not necessary, a clear grant of discretionary authority is required. *Frazier v. Life Ins. Co. of N. Am.*, 725 F.3d 560, 566 (6th Cir. 2013).

Here, the policy requires employees to "provide the Insurance Company, at his or her own expense, satisfactory proof of Disability before benefits will be paid." (DE 16-2 at 34). Further, the "Insurance Company will require continued proof of the Employee's Disability for benefits to continue." *Id*. Shrout acknowledges this language. (DE 16 at 2). Nonetheless, he argues that Sixth Circuit cases holding that similar language confers a clear grant of discretionary authority are outliers that were wrongly decided. *Id.* at 3.

As Life was correct to note, this Court has held many times that *Frazier v. Life Ins. Co. of N. Am.*, 725 F.3d 560 (6th Cir. 2013), is controlling precedent in cases with "satisfactory proof" language. *See, e.g.*, *Hurd. v. Life Ins. Co. of N. Am.*, 2018 WL 4456807, *1 (E.D. Ky. Sep. 18, 2018) (Caldwell, J.). *Frazier* held, as this Court does today, that plans requiring "satisfactory proof of Disability before benefits will be paid" contain a clear grant of discretionary authority to the plan administrator. *Frazier*, 725 F.3d at 567. As such, the arbitrary and capricious

2

standard of review is appropriate in this case. *Id.*

Shrout argues that *Frazier* is based on cases that have been reversed, making its holding incorrect. (DE 16 at 3–4). This argument, however, is not properly resolved by this Court. Unless or until the Sixth Circuit reconsiders and reverses *Frazier*, this Court is bound to follow its holding. Similarly, the Court is not persuaded by Shrout's argument that *Hoover v. Provident Life & Accident Ins. Co.*, 290 F.3d 801 (6th Cir. 2002), should control. (DE 16 at 4). The "written proof" language involved in that case is distinguishable from the language included in the current plan, which is identical to the language discussed in *Frazier v. Life Ins. Co. of N. Am.*, 725 F.3d 560 (6th Cir. 2013).

### III. CONCLUSION

For all of the above reasons, **IT IS ORDERED** as follows:

1. Defendant Life Ins. Co. of N. Am.'s Motion, (DE 15), is **GRANTED**;

2. Plaintiff Shrout's Motion, (DE 16), is **DENIED**; and

3. The applicable standard of review in this case is **ARBITRARY AND CAPRICIOUS**.

Dated October 15, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY